UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD MORRISON,

    Plaintiff,

v.

JOHN F. DIETZ,

    Defendant.
_____/

No. C-09-05467 JCS

**ORDER GRANTING RICHARD MORRISON'S MOTION TO PROCEED IN FORMA PAUPERIS, SEALING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND [Docket No. 1]**

## I. INTRODUCTION

Plaintiff, Richard Morrison, brings a Motion to Proceed In Forma Pauperis, as well as a Motion to Seal Documents requesting that all documents related to his Motion to Proceed in Forma Pauperis be filed under seal. Plaintiff's Complaint alleges violations of Title III of the Omnibus Crime Control Act of 1968 (the Wiretap Act), 18 U.S.C. §§ 2510-2522, based on interceptions alleged to have occurred in Mexico. The Complaint was assigned to a United States Magistrate Judge and Plaintiff consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c).[1]

---

[1] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendant in order to properly dismiss claims brought in this action because Defendant has not been served, and, as a result, he is not a party. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Prop.*, 135 F.3d 1212, 1217 (8th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 18 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

Based on the information contained in Plaintiff's Motion to Proceed in Forma Pauperis, the Court finds that Plaintiff meets the indigence requirement and therefore, his request to proceed in forma pauperis is GRANTED. Further, for the reasons stated below, Plaintiff's Motion to Seal is GRANTED. However, the Court DISMISSES Plaintiff's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that section, where a plaintiff is found to be indigent under 28 U.S.C § 19 15(a)(1), the court must engage in a preliminary screening of cases in which a party is proceeding in forma pauperis and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

### A. Factual Allegations

Plaintiff, a resident of San Mateo County, California, filed the Complaint in this action on November 18, 2009. Complaint at 1-2. Defendant, John F. Dietz, resides in Mexico and was residing in Mexico at all times relevant to the claims. *Id.* at 2. Defendant is an attorney licensed in New Mexico, Colorado, and the Navajo Nation; his licenses in Colorado and New Mexico are currently suspended. *Id.*

According to Plaintiff, Defendant was married to Plaintiff's sister, Anne Bennett Morrison Dietz ("Ms. Dietz"), and the two lived together in San Miguel de Allende, Mexico, until their divorce in 2001. *Id.* at 3. Ms. Dietz was granted full legal custody of their two sons under the Mexican divorce decree. *Id.* Defendant filed suit in Mexico for full custody of the children in January 2006. *Id.* In May 2006, during the custody proceedings in Mexico, Defendant abducted the younger son from Mexico and fled to Louisiana where the older son had been visiting grandparents. *Id.* As a result, Ms. Dietz filed a Petition for Return of Children pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11611, in the 15th Judicial District Court for the Parish of Vermilion, Louisiana. *Id.* The action was removed to the United States District Court for the Western District of Louisiana by Defendant, where judgment was entered in favor of

2

**United States District Court**

For the Northern District of California

Ms. Dietz. *Id.*; *Morrison v. Dietz*, No. 07-1398, 2008 WL 4280030, at *2, 18 (W.D. La. Sept. 17, 2008), *aff'd*, *Dietz v. Dietz*, No. 08-31003, 2009 WL 3378590 (5th Cir. Oct. 20, 2009). Defendant was ordered to return the children to Mexico and to pay attorney's fees. Complaint at 3; *Dietz v. Dietz*, No. 07-1398, 2009 WL 1586713, at *5 (W.D. La. June 2, 2009).

In February 2008, during the course of the ICARA action, Defendant filed a complaint in the 15th Judicial District Court for the Parish of Vermilion, Louisiana against Plaintiff and Ms. Dietz alleging intentional infliction of emotional distress, defamation, extortion, tortious damage to real property, and civil conspiracy. Complaint at 3. The complaint was initially removed to the United States District Court for the Western District of Louisiana and later remanded back to Louisiana state court for lack of subject matter jurisdiction. *Id.*; *Dietz v. Dietz*, No. 08-0521, 2009 WL 3648450 (W.D. La. Nov. 3, 2009).

After the ICARA trial Ms. Dietz returned to Mexico with the two children, where she found Defendant waiting for her at her home in San Miguel de Allende, Mexico. Complaint at 3. Defendant moved into an upstairs apartment in Ms. Dietz's home, changed the locks, and has been staying there frequently ever since. *Id.* at 3-4. Defendant began using Ms. Dietz's private telephone line (registered in Ms. Dietz's name and paid for by Ms. Dietz) and answering calls using an upstairs extension. *Id.* at 4. Although Defendant stopped answering calls after a couple of weeks, Plaintiff suspected that Defendant was monitoring his calls to Ms. Dietz. *Id.*

In September 2009, Defendant filed a lawsuit against Plaintiff in San Mateo Superior Court reasserting his claims in the Louisiana lawsuit and asserting additional claims. *Id.* Plaintiff alleges that the content of Defendant's claims in the San Mateo Superior Court complaint prove that Defendant surreptitiously eavesdropped on telephone conversations that took place over the telephone line in Ms. Dietz's Mexico residence between Plaintiff and Ms. Dietz. *Id.* at 4-5. Specifically, Defendant's San Mateo County Superior Court complaint refers to the content of conversations between Plaintiff and Ms. Dietz that took place during April, May, and June 2009 and claims that a taped conversation between Ms. Dietz and a third party exists. *Id.* at 4. Based on these

1 claims Plaintiff argues that it is incontrovertible that Defendant had direct knowledge of the contents 2 of Plaintiff's private conversations, and that the only way Defendant could have obtained such 3 knowledge is through surreptitious surveillance of his conversations with Ms. Dietz over her 4 personal telephone line. *Id.* at 5.

### B. Claims and Relief Requested

In his complaint, Plaintiff alleges three causes of action: (1) Defendant surreptitiously intercepted, monitored, listened to, and recorded conversations between Plaintiff and his sister originating from, or received via, Ms. Dietz's personal telephone line at her residence in Mexico, in violation of 18 U.S.C. § 2511(1)(a); (2) Defendant disclosed the contents of the illegally intercepted private communications in his complaint in San Mateo County Superior Court in violation of 18 U.S.C. § 2511(1)(c); and (3) Defendant is using or endeavoring to use the contents of the illegally intercepted private communications in the lawsuit filed in San Mateo Superior Court, in violation of 18 U.S.C. § 2511(1)(d). Complaint at 6. Plaintiff asks the Court for the following relief: 1) a declaration finding under 18 U.S.C. § 2520(b)(1) that Defendant violated § 2511; 2) an injunction "prohibiting Defendant, or his agents, from intercepting, listening to, monitoring, recording, transmitting, transcribing, disclosing, and otherwise using personal and private oral and wire communications to or from Plaintiff, or anyone else using Plaintiff's sister's private telephone line," and "requiring Defendant not to retain in any form any record of any personal or private oral or wire communications to or from Plaintiff"; 3) statutory and punitive damages as provided in § 2520(b)(2); and 4) such other relief as deemed appropriate and necessary by the Court. *Id.* at 7.

## III. ANALYSIS

### A. Motion to Proceed in Forma Pauperis

Plaintiff has filed a Motion to Proceed in Forma Pauperis. Having reviewed Plaintiff's application, the Court determines that he is indigent and therefore his request is GRANTED.

4

**B.     Motion to Seal Documents**

Plaintiff has filed a motion to seal all documents related to his Motion to Proceed in Forma Pauperis. Documents containing personal financial information submitted to support Plaintiff's request to proceed in forma pauperis, like documents containing the financial information of a defendant requesting appointment of counsel, are not related to the process of adjudicating Plaintiff's claims. *See United States v. Lexin*, 434 F. Supp. 2d 836, 848-49 (S.D. Cal. 2006). Such documents are administrative rather than judicial and are therefore not subject to disclosure to the public. *Id.* at 849. Plaintiff's Motion to Seal Documents related to his request to proceed in forma pauperis is therefore GRANTED.

**C.     Review of Complaint Under 28 U.S.C. § 1915(e)(2)**

Having granted Plaintiff's request to proceed in forma pauperis, the Court is required to review the Complaint under 28 U.S.C. § 1915(e). Pursuant to that section, a court shall dismiss a case proceeding in forma pauperis if the action or appeal: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 107 F.3d 15, 15 (9th Cir. 1997) (citing *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987)) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking).

There are two bases for original federal subject matter jurisdiction: (1) federal question jurisdiction; and (2) diversity jurisdiction. Federal question jurisdiction exists over all civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002). On the other hand, diversity jurisdiction exists where no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Plaintiff seeks to establish subject matter jurisdiction on the ground that this action presents a federal question under the Wiretap Act, 18 U.S.C. §§ 2510-2522. Complaint at 2. All interceptions alleged to have occurred took place in San Miguel de Allende, Mexico. *Id.* at 4-5. To determine whether a question of federal law has been raised, the Court must determine whether the Wiretap Act applies extraterritorially.[2]

"[L]egislation is presumed to apply only within the territorial jurisdiction of the United States unless the contrary affirmative intention of Congress is clearly expressed." *ARC Ecology v. U.S. Dep't of the Air Force*, 411 F.3d 1092, 1097 (9th Cir. 2005). The Ninth Circuit has concluded that the Wiretap Act has no application outside the United States. *United States v. Peterson*, 812 F.2d 486, 492 (9th Cir. 1986) (rejecting argument that wiretapping of telephones in Thailand could violate Wiretap Act and holding that Wiretap Act "has no extraterritorial force"). In support of its holding that the Wiretap Act does not apply extraterritorially, the Ninth Circuit cited two Second Circuit decisions: *Stowe v. Devoy*, 588 F.2d 336 (2d Cir. 1978), and *United States v. Cotrini*, 527 F.2d 708 (2d Cir. 1975). In *Stowe*, telephone conversations between Canada and New York were intercepted in Canada by Canadian officials. *Stowe*, 588 F.2d at 338. The defendant challenged the interceptions under the Wiretap Act on the ground that he was in the United States when his calls were intercepted. *Id.* at 338, 340-41. The court held that despite the fact that the intercepted phone conversations traveled in part over the United States communication system, the federal statute governing wiretapping and eavesdropping does not apply to interceptions that occur outside of the United States. *Id.* at 341 n.12. Similarly, *Cotrini* dealt with wiretaps in Canada that intercepted telephone conversations that traveled over the United States communication system. *Cotrini*, 527 F.2d at 711. The *Cotrini* court reasoned that the Wiretap Act was enacted to regulate interceptions,

---

[2]The Ninth Circuit has consistently treated the question of whether a federal statute applies extraterritorially as a jurisdictional one. *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 923 F.2d 678, 680 n.4 (9th Cir. 1991), *withdrawn and appeal dismissed on other grounds*, 966 F.2d 457 (9th Cir. 1992).

not wire communications, and held that where an interception takes place determines whether the Wiretap Act applies. *Id.* Because the Wiretap Act does not apply extraterritorially, and all of the alleged interceptions that form the basis of Plaintiff's claims under 18 U.S.C. §§ 2511(a), 2511(c), and 2511(d) occurred outside of the territorial United States (in Mexico), Plaintiff's claims do not raise a question of federal law.[3]

If it appears that a pro se plaintiff may be able to state a claim, he should be given an opportunity to amend his complaint. *See Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979). Dismissal with prejudice is proper, however, if the Court deems further amendment to the complaint would be futile. Here, all of Plaintiff's claims arise out of interceptions that occurred outside of the territorial United States, and the Wiretap Act does not apply extraterritorially. Because the federal law on which Plaintiff relies does not apply to the interceptions that form the basis of Plaintiff's complaint, amendment to the complaint would be futile.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Proceed in Forma Pauperis and his Motion to Seal Documents are GRANTED. The Complaint is DISMISSED with prejudice on the basis that the Court lacks subject matter jurisdiction over the action. The Clerk is directed to CLOSE the file in this case.

IT IS SO ORDERED.

Dated: February 1, 2010

JOSEPH C. SPERO
United States Magistrate Judge

---

[3]The Court notes that Plaintiff does not invoke diversity as a basis for subject matter jurisdiction in the Complaint. In any event Plaintiff does not allege facts sufficient to support a finding of diversity jurisdiction. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977)(holding that a party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists); *see also Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) (holding that a plaintiff must make a prima facie showing of subject matter jurisdiction in order to maintain his claims). Even assuming the parties are, in fact, diverse, Plaintiff does not make a specific monetary demand; nor are there allegations in the Complaint from which it can be inferred that the amount in controversy exceeds $75,000. *See Ortega-Rubio v. Horowitch*, No. cv-08-2132-PHX-ROS, 2009 WL 2106285, at \*2 (D. Ariz. Jul. 16, 2009).